No. 4759.

COMMERCIAL PRESS, SMITH & GOLDSMITH, Proprietors, v. CRESCENT
CITY NATIONAL BANK, SCHULTZ, Warrantor.

Where it is proved that the indorser of a check indorsed it for no other purpose than to
identify the person who presented it to the bank, and who was in the habit of collecting
for the parties to whose order the check was drawn:

Held—That the responsibility of the indorser was as to the identity of the collector, but not
as to his authority to sign the check for the parties to whose order it was given. The
question is to be decided by taking into consideration in what manner and for what pur-
pose he bound himself. For as he bound himself, so will he be bound.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier,*
J. *Labatt & Aroni,* for plaintiffs and appellees. *Randolph, Sin-*
*gleton & Browne, Hudson & Fearn,* for defendant and appellant.

MORGAN, J. Smith & Goldsmith are the proprietors of the Com-
mercial Press. A. J. Buck was their collector. As such he was au-
thorized to collect their bills. He did not, however, hold their power
of attorney. He was their servant therefor, and not their mandatory.
On the sixth of April, 1872, he presented a bill for the compressing
of cotton by the Commercial Press to A. K. Miller & Co. It is not de-
nied that Buck was authorized to present the bill. The authority to
receive payment thereof must be conceded. It would have been a
thing done in the regular service for which he was employed.

Instead of paying in cash, they gave him a check on the Crescent
City National Bank, payable to the order, not of Smith & Goldsmith,
but to the order of the Commercial Press. Buck indorsed it " Smith
& Goldsmith per A. J. Buck," and presented it to the bank for pay-
ment. The paying teller of the bank refused to pay the check. He
says: " It was presented to me by one A. J. Buck, representing himself
to be the collector of the Commercial Press. I did not know him, and
I sent him back. I asked him to be identified, and he named me sev-
eral well known houses, and asked me if I knew the house of Meeker,
Knox & Co. I told him yes, and he went out. He came back and
told me that Mr. Knox was out. I told him if he would have the
check indorsed I would pay him. He asked me if I knew Mr. Schultz"
(an employe of Meeker, Knox & Co.) " I told him yes. He had the
check indorsed" ( by Schultz) " and I paid him."

Buck absconded. It may be assumed that he took with him the en-
tire proceeds of this check.

The plaintiffs sue the bank for the amount thereof, on the ground
that the check was paid to a party not authorized to sign for them.
The bank called Schultz in warranty, as indorser. Schultz answers,
that he placed his name on the back of the check at the request of the
proper officer of the bank, for the express and only purpose of identi-
fying Buck as the collector of the Press. There was judgment in favor

of the plaintiff against the bank, and in favor of the bank against Schultz. Schultz alone has appealed.

It may be assumed that the case in 14 An. p. 481 (Van Bibber v. the Bank of Louisiana), correctly applied the law to the case before it. In that case it was decided that a bank is liable to the payees of a check made payable to their order when the check is paid on a forged indorsement made by the collector of the payees, who receives the check in payment of a bill of merchandise intrusted to him for collection by his employers. The Crescent City Bank practically concedes the applicability of this authority by not appealing from the judgment upon which it stands. We are not therefore called upon to examine its correctness. The question to determine is, not whether the bank is responsible to the plaintiffs, but whether Schultz is responsible to the bank?

In our opinion this question must be determined by answering another, viz: In what manner, and for what purpose did Schultz bind himself? For as he bound himself, so will he be bound. We can not find from the testimony that he intended any thing more than to identify Buck as the collector for the Commercial Press. We think this results from the testimony of Reed, the paying teller of the bank, which we have quoted; from the testimony of Marie, a clerk in the same house with Schultz, who says that he went to the bank with Buck to identify him, and to whom the teller said he was very sorry, but that he could not pay it upon his recognition, but added " get any member of the firm to come over, or any one with a power of attorney and I will pay the check;" and by the testimony of Schultz, who swears that he was only asked to identify Buck as the collector for the Press, and we think this is all he guaranteed. That Buck was the collector for the Press is not disputed. Reed, the paying teller of the bank himself, being asked, "If you had known him (Buck) as a collector of the Press for many years, would you have paid it " (the check?), answered, " Yes, as the rest have done." It is true, he says he would not have paid him the check unless he had been identified as the collector of the Press, with the power to indorse, but he also says that he does not know what he told Buck at the time, and that he wanted "somebody that would vouch for him or indorse for him as being the proper person to whom he could pay."

Under these circumstances, admitting the liability of the bank to the plaintiffs, we do not think there is any liability from Shultz to the bank.

It is therefore ordered adjudged and decreed that the judgment of the District Court be avoided, annulled and reversed, as to the appellant Schultz, and that there be judgment in his favor, with costs.